IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KENDRA SCOTT, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| EVEREVE, INC., § | **JURY DEMANDED** |
| § | |
| Defendant. § | |

**COMPLAINT FOR BREACH OF CONTRACT, TRADEMARK INFRINGEMENT AND DILUTION, UNFAIR COMPETITION, UNJUST ENRICHMENT, AND COPYRIGHT INFRINGEMENT**

Plaintiff Kendra Scott, LLC, appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the Texas Business and Commerce Code; for trademark infringement, unfair competition, unjust enrichment, and breach of contract under Texas common law; for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*; and for cancelation of a trademark registration.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**PARTIES**

3. Plaintiff Kendra Scott, LLC is a Delaware limited liability company with a principal place of business at 3800 N. Lamar Blvd., Suite 400, Austin, Texas 78756.

4. Upon information and belief, Defendant Evereve, Inc. ("Defendant") is a Minnesota corporation with a principal place of business at 3914 W. 50th Street, Edina, Minnesota 55424.

**FACTS**

**A.  KENDRA SCOTT'S MEDALLION TRADEMARKS**

5. Kendra Scott is a fashion lifestyle brand headquartered in Austin, Texas. Kendra Scott is extremely well known for its jewelry, accessories, nail polish, and home décor, as well as its retail and online retail store services, and has been featured in leading publications, such as FORTUNE MAGAZINE, VOGUE, MARIE CLAIRE, IN STYLE, PEOPLE, and GLAMOUR, among numerous others.

6. Kendra Scott's iconic jewelry and accessories are available in 69 Kendra Scott stores nationwide and in 1,120 third-party stores worldwide, as well as at kendrascott.com.

7. In connection with Kendra Scott's jewelry products and retail services, Kendra Scott has adopted and has long and continuously used the logos shown below and substantially similar logos (collectively, the "Medallion Marks").

  

8. Kendra Scott's iconic jewelry offered in connection with the Medallion Marks is frequently seen worn by leading public figures and celebrities, such as Michelle Obama, Reese

Witherspoon, Taylor Swift, Simone Biles, Brooklyn Decker, Sofia Vergara, Selena Gomez, and Kelsea Ballerini.

9. The Medallion Marks have been extensively used by Kendra Scott in connection with its products and services, including on exterior store signage, advertisements, social media and website icons, earring cards, jewelry pouches, bags and packaging, necklaces, and jewelry. Kendra Scott often, but not always, displays the Medallion Marks on or in yellow or gold. Representative examples of such uses are attached hereto as **Exhibit A**.

10. The Medallion Marks are inherently distinctive and serve to identify and indicate the source of Kendra Scott's products and services to the consuming public.

11. As a result of Kendra Scott's long and continuous use and promotion of the Medallion Marks, the marks have become distinctive to designate Kendra Scott, to distinguish Kendra Scott and its products and services from those of others, and to distinguish the source or origin of Kendra Scott's products and services. As a result of these efforts by Kendra Scott, the consuming public throughout the United States, including in Texas, widely recognizes and associates the Medallion Marks with Kendra Scott.

12. As a result of Kendra Scott's long and continuous use and promotion of the Medallion Marks, Kendra Scott has acquired valuable common law rights in the marks.

13. The Medallion Marks are famous pursuant to TEX. BUS. & COM. CODE § 16.103.

14. In accordance with the provisions of federal law, Kendra Scott has registered and applied to register the Medallion Marks on the Principal Register of the United States Patent and Trademark Office. *See* U.S. Reg. Nos. 4,297,566 and 4,838,307; U.S. Ser. Nos. 86/485,010 and 87/218,074. Kendra Scott's registrations are valid and subsisting. True and correct copies of the registrations are attached hereto as **Exhibit B**.

15. Kendra Scott has also registered the two logos shown on the right in paragraph 7 as original works with the United States Copyright Office by submitting the deposit materials and fees required by law. *See* U.S. Copyright Reg. Nos. VA 1-945-341 and VA 1-945-339. True and correct copies of the registrations are attached hereto as **Exhibit C**.

B. **DEFENDANT'S INFRINGING ACTIVITIES**

16. After Kendra Scott began using its Medallion Marks, Defendant began offering identical and highly similar products and services, including retail store services, jewelry, and accessories, using the highly similar logo shown below (hereinafter, the "Evereve Mark").



17. Defendant uses the Evereve Mark in connection with jewelry products, as well as on exterior signage, packaging, and gift cards. Defendant often displays the Evereve Mark in a yellow or gold color scheme. Representative examples of such uses are attached hereto as **Exhibit D**.

18. Defendant has registered the Evereve Mark with the United States Patent and Trademark Office for online retail store services. *See* U.S. Reg. No. 5,175,007.

19. Defendant uses the Evereve Mark in connection with retail stores located in close proximity to Kendra Scott's stores, often in the same shopping center.

20. Upon information and belief, actual confusion is occurring as consumers encountering Defendant's use of the Evereve Mark have mistakenly assumed that there is an association or affiliation between Defendant and its products and services, on the one hand, and

-5-

Kendra Scott and its products and services on the other. Such confusion is exacerbated by the close proximity of Defendant's retail stores to Kendra Scott's stores.

21. Defendant has used and is using the Evereve Mark in commerce, including in Texas. Defendant's use of the Evereve Mark began well after Kendra Scott developed rights in its Medallion Marks and after the Medallion Marks became famous in Texas.

22. Defendant is not affiliated with or sponsored by Kendra Scott and has not been authorized by Kendra Scott to use the Medallion Marks or any confusingly similar marks.

23. Kendra Scott entered into a settlement agreement with Defendant regarding the Evereve Mark on January 12, 2017. The essential term of the agreement was that Defendant would not use the Evereve Mark "in connection with jewelry." Kendra Scott provided adequate compensation for this agreement.

24. Despite signing this agreement, Defendant continued using the Evereve Mark in connection with jewelry, as shown directly below and in **Exhibit D**.



25. Such use constitutes a material breach of the parties' agreement and undermines the fundamental purpose for Kendra Scott entering into the agreement in the first place.

26. Kendra Scott has notified Defendant of its material breach and has attempted to resolve this dispute with Defendant prior to filing suit. Defendant has refused to cooperate with Kendra Scott and has continued using the Evereve Mark in connection with jewelry in material breach of the agreement.

## C. EFFECT OF DEFENDANT'S ACTIVITIES

27. Defendant's unauthorized use of the Evereve Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with Kendra Scott, or as to the origin, sponsorship, or approval of Defendant's goods and services by Kendra Scott.

28. Defendant's unauthorized use of the Evereve Mark falsely designates the origin of its services and falsely and misleadingly describes and represents facts with respect to Defendant and its goods and services.

29. Defendant's unauthorized use of the Evereve Mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Kendra Scott over many years, and to gain acceptance for its goods and services not solely on its own merits, but on the reputation and goodwill of Kendra Scott, its Medallion Marks, and its products and services.

30. Defendant's unauthorized use of the Evereve Mark is likely to dilute the famous Medallion Marks.

31. Defendant's unauthorized use of the Evereve Mark unjustly enriches Defendant at Kendra Scott's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Kendra Scott by taking undue advantage of Kendra Scott and its goodwill. Specifically, Defendant has taken undue advantage of Kendra Scott by trading on and profiting from the goodwill in the Medallion Marks developed and owned by Kendra Scott, resulting in

Defendant wrongfully obtaining a monetary and reputational benefit for its own business and goods and services.

32. Defendant's unauthorized use of the Evereve Mark removes from Kendra Scott the ability to control the nature and quality of the products and services provided under the Medallion Marks, and places the valuable reputation and goodwill of Kendra Scott in the hands of Defendant, over whom Kendra Scott has no control.

33. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Kendra Scott and to the public for which there is no adequate remedy at law.

## COUNT I:  BREACH OF CONTRACT

34. Kendra Scott repeats the allegations above as if fully set forth herein.

35. Defendant's continued use of the Evereve Mark in connection with jewelry violates the terms of the agreement signed by Defendant.

36. The acts of Defendant complained of herein constitute a material breach of contract in violation of Texas common law, which, through the terms of the agreement and/or rescission, frees Kendra Scott of its obligations under the contract.

## COUNT II:  FEDERAL TRADEMARK INFRINGEMENT

37. Kendra Scott repeats the allegations above as if fully set forth herein.

38. The acts of Defendant complained of herein constitute infringement of Kendra Scott's federally registered Medallion Marks in violation of 15 U.S.C. § 1114(1).

39. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Kendra Scott's rights in the Medallion Marks, and with intent to cause confusion and to trade on Kendra Scott's vast

goodwill in the Medallion Marks. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT III: VIOLATION OF LANHAM ACT SECTION 43(a)

40. Kendra Scott repeats the allegations above as if fully set forth herein.

41. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Kendra Scott has been damaged by Defendant's acts of trademark infringement, false designation or origin, false or misleading descriptions or representations of fact, and unfair competition.

### COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

43. Kendra Scott repeats the allegations above as if fully set forth herein.

44. The acts of Defendant complained of herein constitute trademark infringement in violation of Texas common law.

### COUNT V: COMMON LAW UNFAIR COMPETITION

45. Kendra Scott repeats the allegations above as if fully set forth herein.

46. The acts of Defendant complained of herein constitute unfair competition in violation of Texas common law.

### COUNT VI: DILUTION UNDER TEXAS LAW

47. Kendra Scott repeats the allegations above as if fully set forth herein.

48. The acts of Defendant complained of herein constitute dilution by blurring and/or by tarnishment of Kendra Scott's famous Medallion Marks in violation of Texas Business and Commerce Code § 16.103.

49. Defendant willfully intended to trade on the recognition of Kendra Scott's famous Medallion Marks and/or to harm the reputation of the marks.

## COUNT VII: UNJUST ENRICHMENT

50. Kendra Scott repeats the allegations above as if fully set forth herein.

51. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Kendra Scott.

## COUNT VIII: FEDERAL COPYRIGHT INFRINGEMENT

52. Kendra Scott repeats the allegations above as if fully set forth herein.

53. Defendant's unauthorized display, reproduction, distribution, and publication of the Evereve Mark constitute acts of copyright infringement with respect to the copyrights owned by Kendra Scott in violation of 17 U.S.C. § 501 *et seq*.

## COUNT IX: CANCELLATION OF REGISTRATION

54. Kendra Scott repeats the allegations above as if fully set forth herein.

55. The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of Evereve's Mark.

56. Defendant's U.S. Reg. No. 5,175,007 for the Evereve Mark is in violation of Kendra Scott's prior rights.

57. Defendant's registration identifies a date of first use of July 14, 2014, well after Kendra Scott began using the Medallion Marks.

58. Defendant's registration is likely to cause confusion with Kendra Scott's superior rights, which will only continue unless enjoined by this Court.

59. Kendra Scott respectfully requests that Registration No. 5,175,007 be cancelled.

**PRAYER FOR RELIEF**

**WHEREFORE,** Kendra Scott prays that:

(a) The contract between Defendant and Kendra Scott be rescinded due to a material breach in the contract;

(b) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Evereve Mark and any other mark, name, or design confusingly similar to or likely to cause dilution of the Medallion Marks, and from any attempt to retain any part of the goodwill misappropriated from Kendra Scott;

(c) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all signage, products, promotional material, internet postings and advertisements, and any other materials bearing or using the Evereve Mark and/or any other mark, name, or design that is confusingly similar to or likely to cause dilution of Kendra Scott's Medallion Marks;

(d) Defendant be ordered to file with this Court and to serve upon Kendra Scott, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(e) Defendant be ordered to cancel, and the United States Patent and Trademark Office cancel, U.S. Reg. No. 5,175,007 for the Evereve Mark;

(f) Kendra Scott recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(g) An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Kendra Scott, increased as the Court finds to be just under the circumstances of this case;

(h) Kendra Scott recover its reasonable attorneys' fees;

(i) Kendra Scott recover its costs of this action and prejudgment and post-judgment interest; and

(j) Kendra Scott recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Kendra Scott demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated: October 12, 2017

/s/ Jered E. Matthysse
Jered E. Matthysse
Texas Bar No.  24072226
Alexandra H. Bistline
Texas Bar No.  24092137
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
jmatthysse@pirkeybarber.com
abistline@pirkeybarber.com
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR KENDRA SCOTT